WALTER G. COMNOCK, APPELLANT, v. JOHN WILSON
ET AL., APPELLEES.

[FILED JANUARY 4, 1892.]

1. **Executions:** INJUNCTION. One C. was possessed of two lots in the city of K. which were mortgaged for a large amount. On the 8th of July, 1886, a transcript of a judgment was filed in the proper office to become a lien on the real estate. On the 15th of that month C. sold and conveyed the property to one T., the amount of the judgment being deducted from the purchase price. T. conveyed to one M., who had notice of the agreement between T. and C. *Held*, That M. purchased subject to the judgment, and that an action brought by him to enjoin the sale was without equity.

2. **Homestead:** WAIVER. Where the owner of a homestead has agreed to satisfy a judgment out of the proceeds of a sale of the homestead, a third party, not in privity with him, cannot claim the benefit of the exemption, particularly where such exemption would result in defrauding the former owner of the homestead.

APPEAL from the district court for Buffalo county. Heard below before HAMER, J.

*R. A. Moore,* and *Ira D. Marston,* for appellant, cited: *State v. Krumpus,* 13 Neb., 321; *Jackson v. Creighton,* 29 Id., 310; *Chopin v. Runte,* 44 N. W. Rep. [Wis.], 259; *Spear v. Evans,* 51 Wis., 42; *Mitchelson v. Smith,* 28 Neb., 583; *First Natl. Bank v. Briggs,* 22 Ill. App., 228; *Nichols v. Spermont,* 111 Ill., 633; *Monroe v. May,* 9 Kan., 476; *Colby v. Crocker,* 17 Id., 527; *Kruger v. Harvesting Co.,* 13 Neb., 100; 1 Jones, Liens, secs. 30, 31; *W., St. L. & P. R. Co. v. Ham,* 114 U. S., 587.

*Calkins & Pratt, contra,* cited: *Cooper v. Foss,* 15 Neb., 515; *Shamp v. Meyer,* 20 Id., 223; *Klapworth v. Dressler,* 78 Am. Dec. [N. J.], 83, 84; Devlin, Deeds, sec. 1078; Cooley, Taxation, 542; Pom., Eq. Jur., sec. 804; *Forgy v. Merriman,* 14 Neb., 514; *Bond v. Dolby,* 17 Id., 491; *Kruger v. Harvesting Co.,* 9 Id., 533.

MAXWELL, J.

On the 9th day of November, 1886, one Ross Gamble recovered judgment against E. M. Cunningham for $340 and costs, and on the 8th day of July, 1887, a transcript of said judgment was filed in the office of the clerk of the district court of Buffalo county.

On the 15th day of July, 1888, and for several years prior thereto, —— Cunningham, the judgment debtor, owned lots 253-4, southwest quarter of the school section addition to the city of Kearney, Buffalo county, and occupied them with his family. as a homestead.

On the said 15th day of July, 1888, he sold the property in question to one Tillotson. At the time he sold the property to Tillotson there was a mortgage on it for $1,600, that had existed for some time, and Cunningham's

interest in said property over and above the amount of the said mortgage was not to exceed the sum of $1,000.

The petition further states that on or about the 15th day of February, 1888, the substituted plaintiff herein, James W. Comnock, purchased this property of R. A. Moore, and that on the 24th day of December, 1888, there was an execution issued upon the said judgment before referred to, and the lands above described were levied upon by John Wilson, sheriff of Buffalo county, and defendant in error.

On the 19th day of January, 1889, R. A. Moore, who was at that time the owner of the property, brought this action in the district court of Buffalo county, restraining the defendant, the sheriff of said county, from selling the said property, and alleging, among other things, that at the time it was transferred from Cunningham to Tillotson it was the homestead of Cunningham, and that the judgment was not a valid lien thereon.

After the suit had been commenced by Moore, and before the trial of the cause, Moore sold his interest in the property to the substituted plaintiff, James W. Comnock, said sale being made on the 12th day of February, 1889, and on the 17th of March, 1890, before the cause was tried, Comnock filed his substituted petition in the district court, alleging that he was the real party in interest and asking to be substituted plaintiff in the place of R. A. Moore.

To the substituted petition of the plaintiff Comnock the defendants John Wilson and Hiram Hull filed their answer, setting up that the said Tillotson, at the time he bought this property from Cunningham, agreed to pay the judgment in question as a part of the consideration of said purchase.

3d. Admitting that the said defendants E. M. Cunningham and Maggie Cunningham are husband and wife and occupied said lands as a homestead, and alleging that said

mortgage was paid or satisfied before the conveyance; and that said property was in value about $4,000, and that in any event neither the said Cunningham nor his wife ever claimed said property as exempt from said judgment and made provision for the payment thereof.

Upon the issues thus presented the case was tried in the district court and a decree rendered for the defendant as follows:

"Now, on this second day of May, 1890, this cause coming on to be heard before F. G. Hamer, one of the judges of the district court, and after hearing the testimony of sundry witnesses and the argument of counsel, the court finds the following:

"That Cunningham's grantee, Tillotson, agreed to consider the claim as a lien against the premises, and reserved the money from Cunningham of the purchase price to pay it; that the plaintiff R. A. Moore received a conveyance from Tillotson and wife with a full knowledge of Tillotson's agreement to treat the claim as a valid lien and to pay it, and that the money to pay the claim had been received by Tillotson from Cunningham at the time of Tillotson's purchase, and that Moore purchased the premises from Tillotson and reserved out of the purchase price agreed upon between him and Tillotson, enough to pay the claim in full. If the court should determine that the claim was a valid lien, and that, under the agreement between Tillotson and Moore, Moore was permitted to beat the lien if he could, and was to have the benefit of such results if successful by litigation or otherwise, and that the substituted plaintiff, Comnock, became the real party in interest under a good and sufficient conveyance from the original plaintiff, Moore, and that he is properly chargeable with knowledge of all the facts, and became a substituted party plaintiff with all the rights of the original plaintiff, Moore, and with no other and greater rights, that the judgment under the law was not a legal lien

against the premises at the time they were sold by Cunningham and his grantee, Tillotson, with a full knowledge of the said equitable lien, and that he and his grantee, Commock, are each equitably bound to pay and satisfy said equitable lien. The court therefore finds that the judgment described is, between the parties to this case, a valid, equitable lien against the premises."

The action was dismissed for want of equity.

The testimony shows that Tillotson, in purchasing the lots in question, as a part of the consideration agreed to pay the judgments in question, and that Moore purchased from him with knowledge of that fact. It is true that Moore purchased with the agreement that he should not pay the judgments unless he was compelled to do so. It seems to have been supposed that the question of the validity of the lien of judgment would be inquired into, and if found to be invalid, no liability would attach to the purchaser. This is not a case where the owner of the homestead claims that it is exempt. He did not claim such exemption, but expressly stipulated that the amount of the judgment should be paid as a part of the purchase price.

The amount of this judgment was thereupon deducted and the former owner has no interest in preserving the homestead. His interest lies in requiring the purchasers to carry out their promise, so that the debt may be paid, and to be freed from liability thereon. It is very evident that a third party, having no interest in privity with him, can plead the homestead character of the property to prevent its application to the payment of the debt. So far as Comnock is concerned he purchased pending the litigation, and takes only the rights of Moore.

There is no equity in the petition and the judgment is

AFFIRMED.

THE other judges concur.